UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Anthony Lopez, Jr. | Leslie Keidel |

**Proceedings:** DEFENDANTS' MOTION TO TRANSFER VENUE (Dkt. #13, filed May 29, 2014)

## I.   INTRODUCTION AND BACKGROUND

On November 7, 2013, plaintiffs Dionicio Uribe Herrera and Moises Uribe Herrera filed this personal injury lawsuit against defendants Jesus Ramirez Sotelo and JAS Transport ("JAS"), alleging a claim of general negligence, arising out of a collision between a tractor-trailer and an automobile on February 3, 2012 in Marana, Arizona. Not. Removal ¶ 1; Opp'n Ex. C at 1.

Defendant removed this action to this Court on December 12, 2013, on the grounds that this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. Not. Removal ¶¶ 7-9. On May 29, 2014, defendants moved to transfer this action to the District of Arizona pursuant to 28 U.S.C. § 1406(a), or alternatively pursuant to 28 U.S.C. § 1404(a). Dkt. #13. On June 12, 2014, plaintiffs filed their opposition. Dkt. #14. Defendants replied on June 20, 2014. Dkt. #15. The Court held a hearing on July 7, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

There are two statutes that govern a motion to dismiss or transfer a case on the basis of venue: "(1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; (2) where venue is proper, the court may transfer to another district, for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

convenience, pursuant to 28 U.S.C. § 1404." Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096 (C.D. Cal. 2001).

####     A.    28 U.S.C. § 1406

In determining if the plaintiff's preferred venue is improper for the purposes of 28 U.S.C. § 1406, the court looks to 28 U.S.C. § 1391(b), which provides that venue is proper in

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise of the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); see Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979).

####     B.    28 U.S.C. § 1404

Alternatively, if venue is found to be proper in this district, the Court may nonetheless find that transfer is appropriate based on consideration of the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see also Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where relevant agreements (if any) were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1] [c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799, at *1 (C.D. Cal. 2006). The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## III.   ANALYSIS

### A.   Motion to Transfer Pursuant to 28 U.S.C. § 1406

Plaintiffs' complaint alleges that venue is proper in the Central District of California because defendant Sotelo resides within this district, and defendant JAS is subject to personal jurisdiction within this district. Not. Removal Ex. A at 3, ¶ 8(a). Conversely, defendants contend that venue is improper in this district because defendant Sotelo is domiciled in the State of Arizona and the accident at issue occurred there. Id., Ex. D ¶ 14. As set forth below, the Court concludes that venue is improper in this district. Thus, this action should be dismissed or transferred to the District of Arizona.

#### 1.   Venue Under 28 U.S.C. § 1391(b)(1)

Venue is proper under 28 U.S.C. § 1391(b)(1) if all of the defendants reside in California and at least one of the defendants is deemed to reside in the Central District of California. Accordingly, in order to establish that venue is proper under this subpart of the general venue statute, plaintiffs must show that both defendant Sotelo and defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

JAS Transport reside in California. Bohara, 390 F. Supp. 2d at 960. For residential venue purposes, defendant Sotelo resides in the judicial district in which he is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiffs assert that defendant Sotelo is domiciled in Duarte, California, as evidenced by the investigation of their process server, and the alleged personal service upon him in Duarte, California. Opp'n, Diaz Decl. ¶¶ 3-6. Plaintiffs contend that: (1) a United States Postal Service ("USPS") form states that mail is "deliverable as addressed" to Sotelo at the Duarte, California address; and (2) a "skip trace" search for defendant's name shows that Sotelo is domiciled in California. See Opp'n, Ex. A at 1, 3.[1] Further, plaintiffs contend that Sotelo resides at the Duarte, California address because he allegedly identified himself as Mr. Sotelo when he was personally served there. Diaz Decl. ¶¶ 5-6.

In response, defendant Sotelo provides evidence that he is domiciled in Arizona, not California, including: (1) a declaration that states his mother resides at the Duarte, California address, whereas he has resided at 4157 W. Columbine Drive in Phoenix, Arizona for over nine years, (2) his driver's license listing the Arizona address, (3) and the Arizona Crash Report listing said address. Reply, Ex. A ¶¶ 2, 7; see Opp'n, Ex. C at 1. Additionally, Sotelo contends that he files his state taxes only in the State of Arizona and owns no real property in the State of California. Id. ¶¶ 5-6.

Based on this evidence, plaintiffs have not met their burden showing that Sotelo is domiciled in California. At most, plaintiffs' evidence shows that Sotelo has at times, been physically present in the Central District of California. However, Sotelo's mere physical presence alone does not satisfy venue requirements. Gaudin v. Remis, 379 F.3d 631, 636-37 (9th Cir. 2004) (stating that a person must have the intent to remain indefinitely at a residence in order to be domiciled there). Moreover, Sotelo provides persuasive evidence as set forth above, that he has been domiciled in Arizona for the past nine years and intends to remain there indefinitely. Id. Therefore, plaintiffs fail to meet their burden of proof showing that defendant Sotelo is domiciled in California. Bohara, 390 F. Supp. 2d at 960. Since the Court concludes that Sotelo is domiciled in Arizona,

---

[1] Plaintiffs do not define or explain the term "skip trace."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

venue is improper under 28 U.S.C. 1391(b)(1) because at least one defendant, namely, Sotelo, resides in a different state than the state in which this district is located.[2]

    2.    Venue Under 28 U.S.C. § 1391(b)(2)

Venue is proper in this district under this subpart of the general venue statute if "a substantial part of the events or omissions giving rise to the claim occurred" here.  It is plain that the February 3, 2012 tractor-trailer versus automobile collision occurred in Marana, Arizona, in the District of Arizona.  Opp'n, Ex. C at 1.  Accordingly, 28 § 1391(b)(2) does not justify venue in this district.[3]

    3.    Dismissal or Transfer Pursuant to 28 U.S.C. § 1406(a)

As set forth above, the Court concludes that venue is improper in this district. Thus, under § 1406(a), where a district court determines an action has been brought in "the wrong division or district," the Court may either dismiss the case, or "if it be in the interest of justice," transfer the case.  See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1991) (per curiam).  For the sake of avoiding the unnecessary delay and expenses involved in re-filing this action and re-serving defendants, as well as the risk that a re-filed action would be time-barred, the Court finds that the interests of justice weigh in favor of  transferring the case in lieu of dismissal.[4]

Section 1406(a) "instructs a court to transfer a case from the 'wrong' district to a district 'in which it could have been brought under § 1391.'" Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 578 (2013) (quoting Van Dusen

---

[2] Accordingly, it is unnecessary to consider whether JAS is domiciled in California because venue is improper in this district under 28 U.S.C. § 1391(b)(1) when at least one defendant resides in a state other than California.

[3] The parties provide no evidence or argument to suggest that a substantial part of the events giving rise to this action occurred in this district and would justify venue here under 28 U.S.C. § 1391(b)(3).

[4] The Court also notes that defendants only seek transfer, and not dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

v. Barrack, 376 U.S. 612, 621, n.11 (1964)).  The allegations in plaintiffs' complaint persuade this Court that this case should be transferred to the District of Arizona where venue would be proper pursuant to § 1391(b)(2) because the accident at issue occurred there.  Accordingly, the Court finds that transfer to the District of Arizona is appropriate under § 1406(a).

> **B.     Dismissal or Transfer Pursuant to 28 U.S.C. § 1404(a).**

Alternatively, if venue is proper in this district, defendants argue that this case should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interest of justice.  Mot. at 5-6.  Defendants contend that this matter should be transferred to the District of Arizona because both defendants, all of the witnesses, the accident at issue, and all of the relevant documents and records are located or occurred in Arizona.  Id. at 6-7.  Further, defendants argue that if this action is litigated here, this Court would be unable to subpoena witnesses or reporting police officers who reside further than 100 miles away in Arizona pursuant to Fed. R. Civ. P 45(c)(1)(A).  Id. at 7.  In response, plaintiffs contend that this action should remain in this district because it is "much closer for Plaintiffs, who reside in central California" and  "their medical providers[,] who are primarily in California."  Opp'n at 2.

As discussed above, venue is not proper in this district.  Alternatively, even if venue were proper in this district, the Court nonetheless concludes that this action should be transferred to the District of Arizona pursuant to § 1404.  First, venue is proper in the District of Arizona.  Furthermore, defendants assert, and plaintiffs do not refute, that with the exception of plaintiffs, all of the witnesses and relevant evidence concerning the accident at issue are located in Arizona.  Mot. at 6-7;  see Reply, Ex. A ¶¶ 2, 7; see also Opp'n, Ex. C at 1.  Transferring this case to a district court in Arizona also promotes the interests of justice because this Court is unable to compel reporting police officers or witnesses outside the 100-mile limit from appearing for trial testimony with relevant evidence.  Fed. R. Civ. P 45(c)(1)(A).  Since these police officers or witnesses likely reside or are employed in Arizona, they are within the subpoena power of the District of Arizona.  See Fed. R. Civ. P 45(c)(1)(B).  Finally, although the District of Arizona might be further from both plaintiffs and some of their medical providers than this district, defendants have met their burden of showing that convenience and justice factors weigh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01133-CAS(FFMx) | Date | July 7, 2014 |
| Title | DIONICIO URIBE HERRERA, ET AL. V. JESUS RAMIREZ SOTELO, ET AL. | | |

heavily in favor of venue in the District of Arizona. Accordingly, the Court finds that transfer to the District of Arizona is also appropriate under § 1404(a).

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to transfer this action to the District of Arizona.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |